## John H. Fogel et ux., Plffs. in Err., *v.* John R. Schall.

A mere naked parol agreement to purchase property at a judicial sale and hold one half of it in trust for the debtor, to be conveyed to him when he shall have repaid to purchaser one half the purchase price of the property and expenses does not constitute a resulting trust, and is not enforceable in any manner.

(Decided March 1, 1886.)

Error to the Common Pleas of Lehigh County to review a judgment for defendant in an action of trespass on the case. Affirmed.

In 1878, John H. Fogel made an assignment of all his property for the benefit of his creditors. His wife at the time held a judgment against him for $7,600, which was a lien on his real estate. The assignees obtained an order of sale from the court of common pleas of Lehigh county to sell his real estate. The property was duly advertised to be sold on December 4, 1879. On the day of the sale, and before the commencement of the sale, Mrs. Caroline Fogel and her husband had made arrangements to purchase four of the properties advertised, for her and her husband's benefit. John R. Schall ascertained this fact, and then induced Mr. and Mrs. Fogel not to bid on the property. Immediately before the commencement of the sale Schall, who is a brother-in-law of John H. Fogel, proposed to the plaintiffs that he should buy the properties; that they should not bid against him; that, after the confirmation of the sales and after he had obtained deeds for the same, he would convey the one undivided half interest to the plaintiffs, upon payment of one half of the bids and expenses.

Mr. and Mrs. Fogel, relying on the representation and promise of John R. Schall, refrained from bidding, and, believing

NOTE.—See notes to Ackley v. Ackley, *ante,* 138; and Longdon v. Clouse, *ante,* 178.

For a collection of authorities as to what constitutes a resulting trust, see editorial note to Hinton v. Pritchard, 10 L. R. A. 401.

that he would comply with his agreement, did not file exceptions to the sales, and allowed the same to be confirmed by the court.

After the deeds had been given by the assignees to John R. Schall for the properties purchased by him, deeds for the one undivided half were demanded. Mr Schall refused, saying that he was not in law bound to carry out his agreement. Whereupon, a tender was made, which was refused.

The plaintiffs claimed at the trial of the case that, under the facts, John R. Schall was a trustee *ex maleficio,* and liable in damages to be measured by the value of the bargain. The court overruled this claim, and instructed the jury that the plaintiffs could recover no more than nominal damages.

From a verdict in accordance with this instruction plaintiffs brought error.

*Evan Holben* and *Jacob Dillinger* for plaintiffs in error.

*C. J. Erdman* and *R. E. Wright's Sons* for defendant in error.

PER CURIAM:

Taking as proved every word that is alleged in the statement of the plaintiffs in error, and there is nothing but an agreement on the part of John R. Schall to purchase the property in controversy and hold the one half thereof in trust to convey the same, when paid the purchase money, to Fogel and his wife.

We need not say that this is not a resulting trust, for there is in the inception of it neither fraud nor payment of the money with which the land was purchased. It is, at best, but a naked parol agreement to hold for the use of the plaintiffs, and one which cannot, under our act of 1856, be enforced in any manner.

The judgment is affirmed.